```
DAVID L. NEALE (SBN 141225)
TANIA M. MOYRON (SBN 235736)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
E-mails: DLN@LNBRB.COM; TMM@LNBRB.COM
```

Attorneys for CirTran Corporation

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO DIVISION**

| | |
|---|---|
| In re<br><br>ADVANCED BEAUTY SOLUTIONS, LLC, a California limited liability company,<br><br>Debtor.<br>_____<br>ADVANCED BEAUTY SOLUTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CIRTRAN CORPORATION, a Nevada Corporation,<br><br>Defendant. | Case No. 1:06-10076-GM<br><br>Chapter 11<br><br>Adv. No. 1:08-ap-01363-GM<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON NOTICE FOR HEARING ON MOTION TO SET ASIDE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IEHAB J. HAWATMEH IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom "303"<br>       21041 Burbank Blvd.<br>       Woodland Hills, CA |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF AND ITS COUNSEL OF RECORD:

CirTran Corporation ("CirTran"), the defendant in the above-referenced adversary proceeding (the "Action"), hereby moves, on an <u>ex parte</u> basis (the "OST Application"), for an order shortening time on notice for hearing on CirTran's concurrently filed motion (the "Motion") requesting entry of an order setting aside the default judgment (the "Default Judgment") entered in the Action.

## I.

## STATEMENT OF FACTS[1]

1. On May 29, 2008, Advanced Beauty Solutions, LLC, a California limited liability company ("ABS"), commenced the Action by filing a "Complaint for (1) Breach of Contract; (2) Account Stated; (3) Unjust Enrichment; (4) Accounting and (5) Receivership" (the "Complaint") against CirTran. As set forth in the accompanying Declaration of Iehab J. Hawatmeh (the "Hawatmeh Declaration"), the President and Chief Executive Officer of CirTran, CirTran did not receive the Complaint and, as a consequence, did not file an answer to the Complaint. See Hawatmeh Declaration, ¶¶ 4 & 12.

2. On February 24, 2009, ABS filed a motion for a default judgment (the "DJ Motion") to be entered against CirTran. The DJ Motion requested a judgment in the amount of $1,808,233.00, plus post judgment interest and $3,444.45,

---

[1] All of the underlying facts are set forth in the Motion.

2

comprised primarily of the following: (1) $129,633.00 due and owing as part of that certain anniversary payment (the "Anniversary Payment") under the purchase agreement entered into by the parties on or about May 2006 (the "Purchase Agreement"); (2) $1,669,958 purportedly outstanding as part of that certain profit share obligation (the "Profit Share Obligation") based on an expert report (the "Expert Report") prepared by Richard Nelson; and (3) costs.

3. In the Expert Report, Mr. Nelson calculated a net present value of the expected stream of royalties of $4,135,000 under the Profit Share Obligation at $1,975,235. After deducting the $305,367.00 already paid by Cirtran, ABS asserted that CirTran owed $1,669,958 (the "Asserted Royalty Payment").

4. The Court entered the Default Judgment on March 17, 2009.

5. Thereafter, on April 16, 2009, a "Writ of Execution" was issued by the Clerk of the United States Bankruptcy Court of the Central District of California.

6. On July 9, 2009, ABS levied one of CirTran's bank accounts and $4,986.15 was seized from this bank account. On the morning of July 17, 2009, ABS levied additional accounts and more than $150,000.00 was seized from these accounts. See Hawatmeh Declaration, ¶ 9.

7. With the exception of approximately $10,000.00 obtained from a "CirTran Corporation" account, the other monies

3

were wrongfully seized from accounts that were not CirTran accounts. After Mr. Hawatmeh had multiple discussions with representatives from the bank throughout the day, with the exception of approximately $10,000.00, the remainder of the monies were transferred back to the respective accounts. See Hawatmeh Declaration, ¶ 10.

8. CirTran respectfully requests that the hearing be set on shortened time so that CirTran's business is not further disrupted and prejudiced by ABS's collection efforts and the Default Judgment.

9. As more fully set forth in the Motion, CirTran did not receive the Complaint nor the DJ Motion. See Hawatmeh Declaration, ¶¶ 4 &12.

10. CirTran has paid ABS a total of $315,096.00 since the closing of the Purchase Agreement. CirTran concedes that it did not pay the balance of $132,810.40 of the Anniversary Payment.

11. However, CirTran only owes royalties in the amount of $22,360.60 (in addition to the $132,810.40) *not* $1,669,958 for Units sold under the Profit Share Obligation. Indeed, only 13,158 Units have been sold which entitles ABS to $22,360.60 (the "Royalty Payment"). Attached as Exhibit "B" to the Motion is a true and correct copy of an accounting that reflects the Units sold and the outstanding Royalty Payment potentially payable to ABS.

4

12. Moreover, any purported amount owed by CirTran must be offset, among other things, by CirTran's allowed claim in the amount of $1.6 million. See Motion, p. 21.

13. Additionally, and as set forth in the underlying Motion, CirTran believes it has meritorious defenses and counterclaims against ABS based, in part, on ABS's actions after the closing of the Purchase Agreement. Based on the foregoing, as well as the detailed analysis in the Motion, CirTran respectfully requests in the Motion that the Default Judgment be set aside.

## II.

## DISCUSSION

Pursuant to Local Bankruptcy Rule 9075-1(b), a hearing may be set on shortened time for "good cause shown." In order to show that cause exists, the moving party must file a memorandum of points and authorities stating the following: (1) the nature of the request; (2) the identity of the parties affected by the relief requested; and (3) the reasons for seeking a hearing on shortened time. The motion must be accompanied by a declaration that (1) justifies the setting of a hearing on shortened time, and (2) establishes a *prima facie* basis for the granting of the underlying motion. All of the foregoing requirements are satisfied in this case:

///

///

(1) <u>The nature of the request.</u>

As set forth above, by way of the OST Application, CirTran seeks to set a hearing on shortened notice on the Motion.

(2) <u>The parties affected by the relief requested in the motion.</u>

ABS is the party affected by the Motion. ABS is represented by James C. Bastian and Lynda T. Bui of Shulman Hodges & Bastian LLP.

(3) <u>The reason for seeking a hearing on shortened time.</u>

CirTran respectfully requests that the hearing be set on shortened time so that CirTran is not further prejudiced by ABS's collection efforts and the Default Judgment. As set forth above, on July 9, 2009, ABS levied one of CirTran's bank accounts and $4,986.15 was seized from this bank account. On the morning of July 17, 2009, ABS levied additional accounts and more than $150,000.00 was seized from these accounts. <u>See</u> Hawatmeh Declaration, ¶¶ 9 & 10.

With the exception of approximately $10,000.00 obtained from a "CirTran Corporation" account, the other monies were wrongfully seized from other accounts that were not CirTran accounts. After Mr. Hawatmeh had multiple discussions with representatives from the bank throughout the day, with the exception of approximately $10,000.00, the remainder of the monies were transferred back to the respective accounts. <u>See</u> Hawatmeh Declaration, ¶ 10.

6

CirTran's bank accounts are being levied on as a result of the Complaint and the DJ Motion which CirTran never received. The amount of the Default Judgment is grossly overstated and CirTran has not had an opportunity to litigate its meritorious defenses and counterclaims to the causes of action in the Complaint. Based on the foregoing, and to prevent any further disruption to CirTran's business, CirTran requests a hearing <u>as soon as possible.</u>

(4) <u>Declaration that supports the granting of the underlying motion.</u>

CirTran respectfully submits that the Hawatmeh Declaration annexed hereto, as well as Mr. Hawatmeh's declaration in support of the Motion, justify the setting of a hearing on shortened time.

### III.

### CONCLUSION

For the reasons set forth above, CirTran respectfully requests that the Court enter an order: (1) granting this OST Application in its entirety; (2) setting a hearing on the Motion as soon as is practicable for the Court; (3) setting other dates and deadlines as set forth herein; and (4) granting

///
///
///
///

7

1  such other and further relief as the Court deems just and
2  proper.
3
4  DATED: July 20, 2009                    CIRTRAN CORPORATION
5                                          By: _____
6                                              DAVID L. NEALE
                                                TANIA M. MOYRON
7                                               LEVENE, NEALE, BENDER,
                                                  RANKIN & BRILL L.L.P.
8                                               Attorneys for
                                                CirTran Corporation

8

### DECLARATION OF IEHAB J. HAWATMEH

I, Iehab J. Hawatmeh, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I am the President and Chief Executive Officer of CirTran Corporation ("CirTran").

3. I make this declaration in support of the ex parte application (the "OST Application"), for an order shortening time on notice for hearing on CirTran's concurrently filed motion (the "Motion") requesting entry of an order setting aside the default judgment (the "Default Judgment") entered in the adversary proceeding (the "Action").

4. I am informed and believe that, on May 29, 2008, Advanced Beauty Solutions, LLC, a California limited liability company ("ABS"), commenced the Action by filing a "Complaint for (1) Breach of Contract; (2) Account Stated; (3) Unjust Enrichment; (4) Accounting and (5) Receivership" (the "Complaint") against CirTran. CirTran did not receive the Complaint and, as a consequence, did not file an answer to the Complaint.

5. On February 24, 2009, ABS filed a motion for a default judgment (the "DJ Motion") to be entered against CirTran. The DJ Motion requested a judgment in the amount of $1,808,233.00, plus post judgment interest and $3,444.45,

9

comprised primarily of the following: (1) $129,633.00 due and owing as part of that certain anniversary payment (the "Anniversary Payment") under the purchase agreement entered into by the parties on or about May 2006 (the "Purchase Agreement"); (2) $1,669,958 purportedly outstanding as part of that certain profit share obligation (the "Profit Share Obligation") based on an expert report (the "Expert Report") prepared by Richard Nelson; and (3) costs.

6.  In the Expert Report, Mr. Nelson calculated a net present value of the expected stream of royalties of $4,135,000 under the Profit Share Obligation at $1,975,235. After deducting the $305,367.00 already paid by Cirtran, ABS asserted that CirTran owed $1,669,958 (the "Asserted Royalty Payment").

7.  I am informed and believe that the Court entered the Default Judgment on March 17, 2009.

8.  Thereafter, on April 16, 2009, a "Writ of Execution" was issued by the Clerk of the United States Bankruptcy Court of the Central District of California.

9.  On July 9, 2009, ABS levied one of CirTran's bank accounts and $4,986.15 was seized from this bank account. On the morning of July 17, 2009, ABS levied additional accounts and more than $150,000.00 was seized from these accounts.

10. With the exception of approximately $10,000.00 obtained from a "CirTran Corporation" account, I believe that the other monies were wrongfully seized because they were

seized from accounts that were not accounts of "CirTran Corporation." After I had multiple discussions with representatives from the bank throughout the day on July 17, 2009, with the exception of approximately $10,000.00, the remainder of the monies were transferred back to the respective accounts.

11. I respectfully request that the hearing be set on shortened time so that CirTran's business is not further disrupted and prejudiced by ABS's collection efforts and the Default Judgment.

12. As more fully set forth in the Motion, CirTran did not receive the Complaint nor the DJ Motion.

13. CirTran has paid ABS a total of $315,096.00 since the closing of the Purchase Agreement. CirTran concedes that it did not pay the balance of $132,810.40 of the Anniversary Payment.

14. However, CirTran only owes royalties in the amount of $22,360.60 (in addition to the $132,810.40) *not* $1,669,958 for Units sold under the Profit Share Obligation. Indeed, only 13,158 Units have been sold which entitles ABS to $22,360.60 (the "Royalty Payment"). Attached as Exhibit "B" to the Motion is a true and correct copy of an accounting that reflects the Units sold and the outstanding Royalty Payment potentially payable to ABS.

11

15. Moreover, any purported amount owed by CirTran must be offset, among other things, by CirTran's allowed claim in the amount of $1.6 million.

16. Additionally, and as set forth in the underlying Motion, CirTran believes it has meritorious defenses and counterclaims against ABS based, in part, on ABS's actions after the closing of the Purchase Agreement. Based on the foregoing, as well as the detailed analysis in the Motion, CirTran respectfully requests in the Motion that the Default Judgment be set aside.

Executed on this 20th day of July, 2009, at West Valley City, Utah.

_____
Iehab J. Hawatmeh

| In re:<br>ADVANCED BEAUTY SOLUTIONS, LLC, Debtor<br>(Advanced Beauty Solutions v. CirTran Corporation) | Case No. 1:06-10076-GM<br>Chapter 11<br>Adv. No. 1:08-ap-01363-GM |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described as EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON NOTICE FOR HEARING ON MOTION TO SET ASIDE DEFAULT JUDGMENT will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 20, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- James C Bastian    jbastian@shbllp.com
- Lynda T Bui    lbui@shbllp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On July __, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July __, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
Courtesy Copy Delivered via Attorney Service
Hon. Geraldine Mund
U.S. Bankruptcy Court
Courtroom 303
21041 Burbank Boulevard
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 20, 2009 | John Berwick | _/s/ John Berwick_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 9013-3.1